FULMER, Judge.
Jim Smith, the Property Appraiser for Pinellas County, appeals the trial court’s summary judgment in favor of the American Lung Association of Gulfcoast Florida, Inc., holding that the Association was entitled to an exemption from ad valorem taxes for the tax year 2001. We reverse.
The facts were undisputed. The Association is a charitable organization that qualifies as an exempt entity under chapter 196, Florida Statutes (2000). In 2000, it purchased vacant property on which it planned to construct its new corporate headquarters. In October 2000, the Association held a one-day event at the site, which included a board meeting, a groundbreaking ceremony, and fund-raising activity. In the remaining months of 2000, the Association held various meetings at the site with architects and representatives from its bank.
The Association sought an exemption from ad valorem taxes for its corporate headquarters under section 196.192, Florida Statutes (2000). The Property Appraiser denied the exemption as did the Value Adjustment Board. The Association then filed suit in the circuit court, challenging the denial of its exemption. On cross-motions for summary judgment, the trial court determined that the Association’s property was entitled to the exemption.
Section 196.192(1) provides that “[a]ll property owned by an exempt entity *242 and used exclusively for exempt purposes shall be totally exempt from ad valorem taxation.” Section 196.012(1) defines “[ejxempt use of property” or “use of property for exempt purposes” as “predominant or exclusive use of property owned by an exempt entity for education, literary, scientific, religious, charitable, or governmental purposes.” Section 196.012(2) defines “[exclusive use of property” in part as “use of property solely for exempt purposes.” Section 196.012(7) defines “[cjharitable purpose” in part as “a function or service which is of such a community service that its discontinuance could legally result in the allocation of public funds for the continuance of the function or service.” And section 196.196 provides in pertinent part:
(1) In the determination of whether an applicant is actually using all or a portion of its property predominantly for a charitable, religious, scientific, or literary purpose, the following criteria shall be applied:
(a) The nature and extent of the charitable, religious, scientific, or literary activity of the applicant, a comparison of such activities with all other activities of the organization, and the utilization of the property for charitable, religious, scientific, or literary activities as compared with other uses.
(2) Only those portions of property used predominantly for charitable, religious, scientific, or literary purposes shall be exempt. In no event shall an incidental use of property either qualify such property for an exemption or impair the exemption of an otherwise exempt property.
The parties agree that when the Association completes its corporate headquarters and moves in, it will be entitled to the exemption. The question here is whether it is entitled to the exemption while the building is under construction.
“The taxable status of property is determined on January 1 of each year. This is the date on which the tax assessor determines whether a particular parcel of property is entitled to exemption from taxation for the tax year.” Dade County Taxing Auths. v. Cedars of Lebanon Hosp. Corp., 355 So.2d 1202, 1204 (Fla.1978) (citation omitted). In this case, on January 1, 2001, the Association’s property was being used for the construction of the Association’s future headquarters. As the supreme court has made clear, it is the actual use of the property as of the assessment date, rather than its intended future use, that controls the determination of whether the property qualifies for an exemption from ad valorem taxes. Cedars of Lebanon, 355 So.2d at 1204. Although uncomfortable with the result, the Third District applied this holding in Metropolitan Dade County v. Miami-Dade County Community College Foundation, Inc., 545 So.2d 324 (Fla. 3d DCA 1989), when it reversed a tax exemption granted to property that was being remodeled for an exempt use. We likewise conclude that this case is controlled by the supreme court’s decision in Cedars of Lebanon and that the actual use of the property on January 1, 2001, i.e., the ongoing construction of a building, does not qualify for an exemption even though the intended future use of the building will qualify. Accordingly, we reverse the summary judgment granted in the Association’s favor and remand for the trial court to enter summary judgment in favor of the Property Appraiser.
Reversed and remanded.
SALCINES and CANADY, JJ., Concur.